IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEREMY JONES,

     Plaintiff,

v.            Case No. 25-cv-00733-SPM

JOHN DOE 1,

     Defendant.

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Jeremy Jones, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Shawnee Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred at Centralia Correctional Center. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

Plaintiff alleges that on December 19, 2024, at around 3 a.m., he was attacked by his cellmate. (Doc. 16, p. 5). At the time, he was housed in South 2 building, cell B-9 at Centralia Correctional Center (Centralia). Plaintiff states that he repeatedly yelled for Correctional Officer John Doe, who was supposed to walk through the wing every 30 minutes, but no one came. (*Id.*). Plaintiff believes that John Doe was probably asleep, which, he asserts, is common practice for correctional officers working the third shift. (*Id.* at p. 7). By the time Plaintiff was discovered, he

Page 1 of 5

had a collapsed lung and two broken ribs. (*Id.* at p. 5). Plaintiff states that he was taken to a hospital and that he almost died. (*Id.*).

Plaintiff alleges that Centralia is one of the few prisons within IDOC that does not have a safety push button in each cell. (Doc. 16, p. 6). According to Plaintiff, a safety push button allows the inmate to speak directly with the "central command center" from the cell. He also states that the early morning hours is when an inmate is most vulnerable, and the correctional officers are the "inmates first line of defense" against inmate attacks. (*Id.*). Because John Doe did not do his walk through, Plaintiff asserts that he was denied immediate medical attention and left suffering in his cell for hours. (*Id.* at p. 7).

### DISCUSSION

As the Court outlined in the first Merits Review Order (Doc. 15), to state a claim for failure to protect, a plaintiff must first demonstrate, objectively, that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Second, the prison official must act with deliberate indifference to that risk, meaning that the official has actual knowledge of the risk to the inmate and then fails to act to prevent the harm. *Id.* To establish substantial risk a plaintiff must allege more than "a generalized risk of violence…for prisons are inherently dangerous places." *Wilson v. Ryker,* 451 F. App'x 588, 589 (7th Cir. 2011) (internal citations and quotations omitted). Instead, a plaintiff "must allege a tangible threat to his safety or well-being" and "a substantial risk of future harm." *Id.* "A substantial risk of serious harm is one in which the risk is so great that it is almost certain to materialize if nothing is done." *Id.*

When dismissing the original Complaint, the Court found that Plaintiff had not pled facts establishing that Correctional Officer John Doe was aware of an impending threat prior to Plaintiff being attacked by his cellmate on December 19, 2024. (Doc. 15, p. 2). The Court further noted that

Plaintiff's allegation that John Doe was negligent because he failed to walk through the housing wing every 30 minutes also did not state an Eighth Amendment claim for failure to protect, as negligent conduct does not equate to deliberate indifference. (*Id.*) (citing *Tackett v. Dauss,* 132 F.4th 1026, 1030 (7th Cir. 2025)).

In the First Amended Complaint, Plaintiff alleges the same basic facts. He adds, however, that he was housed in a cell without a safety push button and that he was attacked at the time of day when inmates are most vulnerable. (Doc. 16, p. 6). He asserts that through John Doe's training, John Doe would have been taught that the cells are not equipped with safety push buttons and that prisons are dangerous places. (*Id.*). John Doe would have also been instructed on the IDOC policy requiring correctional officers to walk through the housing wings every 30 minutes. (*Id.* at p. 6-7). Plaintiff argues that because John Doe ignored his training, deviated from IDOC policy, and most likely was asleep during his shift, his failure to perform his duties amounted to deliberate indifference. (*Id.* at p. 7).

Again, Plaintiff has failed to state an Eighth Amendment claim against Correctional Officer John Doe. Plaintiff's assertions that prisons are dangerous, he did not have a safety push button in his cell, and inmates are vulnerable in the early morning hours establish only a "mere possibility that violence [would] occur." *Pinkston v. Madry,* 440 F.3d 879, 889 (7th Cir. 2006) (citations omitted). Nothing in the First Amended Complaint allows the plausible inference that John Doe was aware of a "strong likelihood" that Plaintiff would be attacked by his cellmate or anyone else. *See Id.* Thus, by disregarding IDOC policy and failing asleep on his shift, John Doe's conduct, at most, could be characterized as gross negligence, but not deliberate indifference. For these reasons, Plaintiff has failed to state a claim for failure to protect.

Because Plaintiff has failed to state a constitutional claim against Defendant John Doe, the First Amended Complaint does not survive screening under 28 U.S.C. § 1915A and shall be

dismissed. When a complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee,* 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). This is Plaintiff's second attempt to state a claim, and he again is unsuccessful. Accordingly, the Court finds that any further amendment of Plaintiff's claims in this action would be futile. The dismissal of this case will be with prejudice and without leave to amend.

### DISPOSITION

For the reasons stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as a "strike" under 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot. (*See* Doc. 17).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 19, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**